ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| MADELYN MORALES HERNÁNDEZ<br><br>Peticionaria<br><br>v.<br><br>FUNDACIÓN PARA EL DESARROLLO DE HOGAR PROPIO INCORPORADO Y OTROS<br><br>Recurrido | KLCE202400704 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Caguas<br><br>Caso Núm.: CG2019CV04655<br><br>Sobre: Incumplimiento de Contrato, Daños y Perjuicios |
|---|---|---|

Panel integrado por su presidenta, la Juez Ortiz Flores, el Juez Rivera Torres, la Juez Rivera Pérez y el Juez Campos Pérez

Campos Pérez, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 28 de junio de 2024.

Comparece la parte peticionaria, Fundación para el Desarrollo del Hogar Propio, Inc. (Fundación), y nos solicita la revocación de la *Orden* emitida y notificada el 6 de mayo de 2024 por el Tribunal de Primera Instancia, Sala de Caguas (TPI). En el aludido dictamen interlocutorio, el TPI dejó sin efecto la *Orden* de 9 de noviembre de 2023. En consecuencia, autorizó la enmienda a la *Demanda*, instada por la parte recurrida, Sra. Madelyn Morales Hernández (señora Morales Hernández) a los fines de incluir la causa de acción al amparo de la Ley Núm. 80 de 30 de mayo de 1976, *Ley sobre despidos injustificados*, 29 LPRA sec. 185a, *et seq.* (Ley 80).

Anticipamos la denegación de la expedición del auto de *certiorari.*

**I.**

El 16 de diciembre de 2019, la señora Morales Hernández presentó una *Demanda* en contra del peticionario por

Número Identificador

RES2024_____

incumplimiento de contrato, daños y perjuicios.[1] En esencia, alegó que, después de dedicarle más de 19 años a la Fundación como asistente de maestra,[2] el peticionario incumplió el acuerdo contractual entre las partes y lo canceló injustificadamente el 22 de agosto de 2019.[3] A tales efectos, solicitó varios remedios dinerarios.

El 15 de agosto de 2020, la Fundación presentó su alegación responsiva.[4] En síntesis, negó las alegaciones en su contra. Asimismo, reiteró que, de conformidad con la Ley 80, el despido de la recurrida fue uno justificado. Entre sus defensas afirmativas, acotó que la reclamación dejaba de exponer una causa de acción al amparo de la Ley 80 por despido injustificado.

Así las cosas, observados los procedimientos de rigor, innecesarios de pormenorizar, el 11 de mayo de 2022, la señora Morales Hernández solicitó enmendar la *Demanda*.[5] Adujo que, durante el descubrimiento de prueba, identificó información fundamental para presentar su causa de acción al amparo de los remedios estatuidos en la Ley 80 por despido injustificado. Por consiguiente, prescindió de la reclamación por incumplimiento de contrato. Además, la señora Morales Hernández solicitó acogerse al procedimiento sumario establecido en la Ley Núm. 2 de 17 de octubre de 1961, 32 LPRA sec. 3118 *et seq.*

La Fundación se opuso a la solicitud el 21 de mayo de 2022.[6] Expuso que la enmienda pretendía sustituir las alegaciones por incumplimiento contractual por las conformadas en la Ley 80, bajo el procedimiento sumario. Alegó que la reclamación por despido injustificado estaba prescrita, por haber transcurrido más de un año

---

[1] Apéndice, págs. 1-10.
[2] La relación obrero-patronal se basaba en una relación contractual, cuyo acuerdo escrito se renovaba anualmente. Apéndice, pág. 2
[3] Surge del expediente que el contrato tenía una vigencia desde el 1 de agosto de 2018 a 31 de julio de 2019. Apéndice, pág. 3.
[4] Apéndice, págs. 11-22.
[5] Apéndice, págs. 26-35.
[6] Apéndice, págs. 36-42.

desde la terminación del empleo. Añadió que la enmienda le causaría perjuicio, ya que debería alterar su estrategia legal. En otro escrito, el peticionario se opuso a la tramitación sumaria del procedimiento judicial.[7] A pesar de su postura, en idéntica fecha, instó la *Contestación a Demanda a Demanda* [*sic*] *Enmendada.*[8]

La Fundación también presentó una moción para desestimar la *Demanda Enmendada* bajo el fundamento de prescripción.[9] Argumentó que la Ley 80 dispone de un plazo prescriptivo de un año, a partir de la fecha del despido. A dicha petición se opuso la señora Morales Marrero, quien rechazó la prescripción de su reclamación, de conformidad con los preceptos de la Regla 13.3 de Procedimiento Civil, *infra.*[10]

Luego de celebrar una vista argumentativa,[11] el 5 de noviembre de 2023, notificada el día 9 siguiente, el TPI declaró no ha lugar la petición de enmienda a la reclamación.[12]

Posteriormente, el 3 de abril de 2024, la Fundación solicitó la desestimación de las causas de daños y perjuicios.[13] Planteó que la señora Morales Hernández carecía de una causa de acción por incumplimiento contractual, daños y perjuicios, "correspondiéndole en cambio sus reclamos a lo provisto por la [L]ey 80 […] siendo [é]se su remedio exclusivo, se ruega al Tribunal que dé curso [a la] desestimación de la [*D*]*emanda*".[14] En cumplimiento de *Orden,*[15] la recurrida se opuso a la petición de desestimación.[16] Aseveró que, al tomar como ciertas sus alegaciones, le asistía el derecho a un remedio judicial. La Fundación replicó;[17] y la recurrida instó una

---

[7] Apéndice, págs. 43-47.
[8] Apéndice, págs. 48-67.
[9] Apéndice, págs. 68-72.
[10] Apéndice, págs. 73-75.
[11] Apéndice, págs. 76-77.
[12] Apéndice, pág. 87.
[13] Apéndice, págs. 89-92.
[14] Apéndice, págs. 89-90.
[15] Apéndice, pág. 93.
[16] Apéndice, págs. 94-99.
[17] Apéndice, págs. 101-103.

dúplica.[18] Entonces, el TPI dio por sometido el asunto por segunda ocasión.[19]

Una vez ponderadas las posturas de los litigantes, el 6 de mayo de 2024 el TPI notificó la *Orden* recurrida a las 3:18 PM.[20] Allí expresó:

> EL TRIBUNAL MOTUO [*sic*] PROPRIO DEJA SIN EFECTO LA ORDEN DE 9 DE NOVIEMBRE DE 2023 Y AUTORIZA LA ENMIENDA A LA DEMANDA A LOS FINES DE INCLUIR LA CAUSA DE ACCI[Ó]N AL AMPARO DE LA LEY 80.

En la misma fecha, a las 3:21 PM, el TPI dictó una *Sentencia Parcial*.[21] En su pronunciamiento, desestimó la causa de acción por daños y perjuicios de la recurrida, toda vez que el único remedio del trabajador ante un despido sin justa causa es la mesada que provee la Ley 80. Cónsono con su determinación, extendió la fecha del descubrimiento de prueba y concedió a la Fundación hasta el 5 de junio de 2024 para presentar su alegación responsiva.[22]

Inconforme, la parte peticionaria presentó una oportuna *Reconsideración* de la *Orden*.[23] De otra parte, la señora Morales Hernández presentó su postura,[24] según requerida por virtud de una *Orden* a esos efectos.[25] Justipreciados ambos escritos judiciales, el 28 de mayo de 2024, el TPI notificó una *Orden* mediante la cual declaró no ha lugar la *Reconsideración*.[26]

No conteste todavía, la parte peticionaria acudió ante nos mediante el recurso del epígrafe y esbozó el siguiente señalamiento de error:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL VIOLAR LA DOCTRINA DE LA LEY DEL CASO AL DEJAR SIN EFECTO SU DETERMINACIÓN DE

---

[18] Apéndice, págs. 104-107.
[19] Apéndice, págs. 100 y 108.
[20] Apéndice, pág. 109.
[21] Apéndice, págs. 110-114.
[22] Apéndice, págs. 118-119; véase, Apéndice, págs. 115-117. La *Contestación a Demanda* fue sometida en la fecha prescrita; refiérase a la entrada 98 del expediente electrónico.
[23] Apéndice, págs. 120-125.
[24] Apéndice, págs. 127-138.
[25] Apéndice, pág. 126.
[26] Apéndice, pág. 139.

DENEGAR LA AUTORIZACIÓN DE LA ENMIENDA A LA DEMANDA MESES DESPUÉS DE DICHA DECISIÓN SIN HABER MEDIADO UNA NUEVA SOLICITUD DEBIDAMENTE FUNDAMENTADA POR PARTE DE LA RECURRIDA A ESOS EFECTOS.

La Fundación acompañó el recurso de *certiorari* con una *Urgente Moción en Auxilio de Jurisdicción.*

Acordamos eximir a la parte recurrida de presentar su alegato en oposición, en armonía con la Regla 7 (B) (5) de nuestro Reglamento. Como se conoce, la norma provee para que este Tribunal de Apelaciones prescinda de "términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos", ello "con el propósito de lograr su más justo y eficiente despacho". 4 LPRA Ap. XXII-B, R. 7 (B) (5).

## II.

## A.

El auto de *certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones judiciales de un foro inferior y corregir algún error cometido por éste. *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *IG Builders et al., v. BBVAPR*, 185 DPR 307, 337-338 (2012); *García v. Padró*, 165 DPR 324, 334 (2005). A diferencia de la apelación, el foro revisor tiene la facultad para expedir o denegar el recurso de *certiorari* de manera discrecional. *García v. Padró, supra.* El Tribunal Supremo de Puerto Rico ha definido *discreción* como el "poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción". *Id.*, que cita a *Pueblo v. Ortega Santiago*, 125 DPR 203, 211 (1990). Por ende, la discreción es "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera…" *Pueblo v. Sánchez González*, 90 DPR 197, 200 (1964), citado con aprobación en *García v. Padró, supra*, págs. 334-335.

No obstante, el ejercicio de la discreción no equivale a hacer abstracción del resto del Derecho, ya que ese proceder constituiría,

en sí mismo, un abuso de discreción. *Negrón v. Srio. de Justicia,* 154 DPR 79, 91 (2001). Por lo tanto, el examen al auto discrecional que realizamos antes de decidir el curso a seguir no se da en el vacío ni en ausencia de otros parámetros. *800 Ponce de León v. AIG, supra,* pág. 176. Ello así, porque "el adecuado ejercicio de la discreción judicial está inexorable e indefectiblemente atado al concepto de la razonabilidad". *García v. Padró, supra*, pág. 335; *Pueblo v. Ortega Santiago, supra.*

Es sabido que la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, delimita las instancias en las cuales este foro intermedio tiene autoridad para atender los recursos de *certiorari*. En su parte pertinente, la norma dispone como sigue:

> .    .    .    .    .    .    .    .
>
> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciaros, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
>
> .    .    .    .    .    .    .    .

**La regla procesal fija taxativamente los asuntos aptos para nuestra revisión interlocutoria mediante el recurso de *certiorari*, así como aquellas materias que, por excepción, pueden ameritar nuestra intervención adelantada, ya fuese por su naturaleza o por el efecto producido a las partes**. *800 Ponce de León v. AIG, supra*, pág. 175.

Además del examen objetivo antes descrito, para ejercer sabia y prudentemente nuestra facultad discrecional al determinar si expedimos o denegamos un recurso de *certiorari*, nos guiamos por la Regla 40 del Reglamento del Tribunal de Apelaciones, *Criterios para la expedición del auto de certiorari*, 4 LPRA Ap. XXII-B, R. 40. Así dispone la norma:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Claro está, es norma asentada que **este tribunal intermedio no interviene con las determinaciones emitidas por el foro primario ni sustituye su criterio discrecional**, "*salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad, incurrió en craso abuso con el ejercicio de la discreción, o que incurrió en error manifiesto*". (Cursivas en el original). *Citibank et al. v. ACBI et al.*, 200 DPR 724, 736 (2018), que cita con aprobación a *Ramos Milano v. Wal-Mart*, 168 DPR 112, 121 (2006); *Rivera y otros v. Banco Popular*, 152 DPR 140, 155 (2000); *Meléndez Vega v. Caribbean Int'l. News*, 151 DPR 649, 664 (2000); *Lluch v. España Service Sta.*, 117

DPR 729, 745 (1986). Véase, *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 771 (2013).

**B.**

En nuestro ordenamiento jurídico es norma asentada que los derechos y las obligaciones adjudicados mediante un dictamen judicial, que adviene final y firme, constituyen ley del caso. *Pérez v. Hatton Gotay y otros*, 195 DPR 1, 8 (2016); *Félix v. Las Haciendas*, 165 DPR 832, 843 (2005); *Mgmt. Adm. Servs. Corp. v. E.L.A.*, 152 DPR 599, 606 (2000); *Sánchez Rodríguez v. López Jiménez*, 118 DPR 701, 704 (1987). Por consiguiente, "de ordinario, las controversias adjudicadas por el foro primario o por un tribunal apelativo no pueden rexaminarse". *Pérez v. Hatton Gotay y otros*, *supra*, pág. 9; *Mgmt. Adm. Servs. Corp. v. E.L.A.*, *supra*, pág. 607. Tales determinaciones, como regla general, obligan tanto al tribunal de instancia como al que las dictó, si el caso vuelve ante su consideración. *Félix v. Las Haciendas*, *supra*, pág. 843. Al fin y al cabo, la doctrina de la ley del caso "es una manifestación necesaria y conveniente del principio reconocido de que las adjudicaciones deben tener fin". *Srio. del Trabajo v. Tribunal Superior*, 95 DPR 136, 141 (1967).

Ahora bien, el máximo foro ha aclarado que **esta doctrina no es un mandato inflexible**. *Pérez v. Hatton Gotay y otros*, *supra*, pág. 9; *Mgmt. Adm. Servs. Corp. v. ELA*, *supra*, pág. 607. Por ello, se ha reiterado que, en situaciones excepcionales, **si el tribunal entiende que alguna determinación previa es errónea y puede causar una grave injusticia, entonces, el foro sentenciador puede aplicar una norma de derecho distinta**. *Pérez v. Hatton Gotay y otros*, *supra*, pág. 9; *Félix v. Las Haciendas*, *supra*, pág. 844; *Mgmt Adm. Servs. Corp. v. E.L.A.*, *supra*, pág. 608. Es decir, cuando los principios básicos de la justicia están amenazados, es que los

tribunales pueden descartar la doctrina de la ley del caso. *Pérez v. Hatton Gotay y otros*, *supra*, pág. 10.

### C.

La Regla 13.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 13.1, regula el procedimiento a seguir para enmendar una alegación. La enmienda a una alegación puede servir para abundar las alegaciones originales, ampliar las causas de acción expuestas en la demanda, o para añadir una o más causas de acción. *Ortiz Díaz v. R. & R. Motors Sales Corp.*, 131 DPR 829, 837 (1992). Para ello, la Regla 13.1 de Procedimiento Civil, *supra*, dispone que, en los escenarios como el de autos, la parte promovente de la enmienda requerirá la autorización al TPI, si no media el consentimiento escrito de la parte promovida. *Colón Rivera v. Wyeth Pharm.*, 184 DPR 184, 198 (2012). Con relación a la retroactividad de las enmiendas, la Regla 13.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 13.2, dispone que, "**[s]iempre que la reclamación o defensa expuesta en la alegación enmendada surja de la conducta, del acto, de la omisión o del evento expuesto en la alegación original, las enmiendas se retrotraerán a la fecha de la alegación original**". (Énfasis nuestro). Por tanto, para que se retrotraiga la enmienda al momento de la presentación de la reclamación original, lo importante es que ésta surja de la conducta, acto, omisión o evento planteado en la alegación original.

Asimismo, el Tribunal Supremo ha opinado que el paso del tiempo, *ipso facto*, no debe ser un impedimento para la autorización de la enmienda solicitada. S.*L.G. Sierra v. Rodríguez*, 163 DPR 738, 748 (2005). A esos fines, en atención a la firme política pública de que las controversias se resuelvan en sus méritos y que los litigantes tengan su día en corte, se han avalado enmiendas a las alegaciones en etapas avanzadas del litigio. *Id.*, págs. 748-749; *S.L.G. Font Bardón v. Mini-Warehouse*, 179 DPR 322, 335 (2010).

**III.**

La parte peticionaria recurre la *Orden* del TPI que dejó sin efecto una determinación previa y, por consiguiente, autorizó la enmienda a la reclamación sobre despido injustificado de la señora Morales Hernández, al amparo de la Ley 80. La Fundación sostiene que la decisión transgrede la doctrina de la ley del caso.

Tras un puntilloso examen de los documentos que conforman el expediente ante nos, así como del derecho aplicable, en torno a las normas que rigen las enmiendas de las alegaciones y la doctrina de la ley del caso, opinamos que no se justifica nuestra intervención en esta etapa de los procedimientos. Nótese también que el asunto que se recurre no está contemplado entre las materias taxativas consignadas en la Regla 52.1 de Procedimiento Civil. Además, de conformidad con la Regla 40 de nuestro Reglamento, no se justifica causar un fraccionamiento indebido ni una indeseable dilación en un pleito en el que las partes todavía están inmersas en el procedimiento de descubrimiento de prueba. Estimamos que, en su determinación, el TPI no incurrió en error, abuso de discreción, prejuicio o parcialidad; por tanto, el litigio debe continuar el curso ordinario correspondiente. Siendo ello así, en el ejercicio de nuestra discreción, denegamos la expedición del auto de *certiorari* sin trámite ulterior.

**IV.**

Por los fundamentos expuestos, acordamos denegar la expedición del recurso de *certiorari*. En consecuencia, declaramos sin lugar la *Urgente Moción en Auxilio de Jurisdicción*.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones